***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Dollar with minor modifications.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. ESIS was the carrier on the risk at all relevant times.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $747.12, which yields a compensation rate of $498.10 per week.
5. The issues for determination are:
 a. Whether plaintiff sustained an injury by accident arising out of and in the course of her employment on 16 December 1999, and if so, to what benefits may she be entitled under the Act?
 b. Is plaintiff's alleged disability since 24 October 2002 causally related to the alleged injury by accident arising out of 16 December 1999?
6. The parties stipulated medical records into evidence.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a thirty-five year old high school graduate. In 1989, plaintiff began working for the employer as a teller. During the course of her employment, she was promoted to teller supervisor, teller manager and teller leader.
2. On December 16, 1999, plaintiff was working as a service leader. Her duties included supervising paperwork for five financial centers and supervising teller supervisors and managers. At this time, she was also thirty-two weeks pregnant. Plaintiff drove her personal vehicle to a management meeting in Charleston, South Carolina. On the return trip, a vehicle pulled out in front of her car on Highway 17 in Myrtle Beach, South Carolina, and plaintiff struck the car with the right front of her car. Although plaintiff testified she felt low back and right arm pain after the accident, she did not seek medical treatment following the motor vehicle collision, but rather, she drove her vehicle home to Wilmington.
3. The following morning, December 17, 1999, plaintiff telephoned her obstetrician's office and spoke with a nurse who recommended she wait for her next appointment, since there had been no changes in fetal movements. At the hearing before the Deputy Commissioner, plaintiff testified the baby was tight in her abdomen following the accident. However, she did not report this to the nurse in the telephone call or to her obstetrician on the December 22, 1999 appointment. Therefore, plaintiff's testimony on this matter is rejected as not being credible.
4. On December 22, 1999, Dr. Britton Taylor, an obstetrician, saw plaintiff for a regularly scheduled prenatal visit. Plaintiff did not report any low back pain during the appointment.
5. On January 27, 2000, Dr. Taylor noted plaintiff denied back pain.
6. Plaintiff delivered her baby on February 10, 2000, after working that day.
7. Plaintiff testified her back pain was more intense and radiated down the right leg to her knee when she lifted the baby. Despite her testimony, there is no evidence she reported these symptoms to Dr. Taylor. Therefore, her testimony is rejected as not being competent evidence of her condition.
8. Plaintiff returned to Dr. Taylor for post-partum visits on March 16, 2000 and November 16, 2000. There is no record of plaintiff reporting back pain related to the motor vehicle collision at either of these visits.
9. In October of 2000, plaintiff ceased nursing her baby.
10. On November 22, 2000, plaintiff sought treatment from orthopaedic surgeon Dr. James Markworth. Plaintiff told Dr. Markworth she had been involved in a motor vehicle accident and her obstetrician had evaluated her after the accident. Dr. Markworth diagnosed plaintiff with mechanical back pain and ordered exercises and Celebrex.
11. Plaintiff testified she gained twenty-five pounds during her pregnancy and delivered an eight-pound, eight-ounce baby. According to Dr. Taylor's records, plaintiff weighed 205 pounds in March 16, 2000 and 217 and 1/2 pounds on November 22, 2000.
12. On February 5, 2001, plaintiff underwent an MRI which indicated multilevel lumbar spondylosis with moderate central to right median L4-5 disk herniation with effect on the thecal sac, but not without significant stenosis and a degenerated L5-S1 disc with central to left paramedian focal disc herniation.
13. Dr. Markworth provided conservative treatment with epidural steroid injections and a facet injection.
14. Plaintiff returned to work from maternity leave in April of 2000. In late 2001, she transferred to a teller manager position. She testified her back condition worsened after this transfer.
15. On August 13, 2002, plaintiff told Dr. Markworth she lifted a box of quarters the day before and felt a sharp stabbing pain in her low back. However, there is no evidence plaintiff ever reported this incident; and she did not file a claim with the Industrial Commission.
16. Plaintiff was taken out of work on August 23, 2002 and had not worked since that date.
17. At the hearing before the Deputy Commissioner, plaintiff testified she did not seek any orthopedic treatment following the accident while she was pregnant or during the time she was nursing her baby because she could only take Tylenol and could not undergo x-rays during this time. Therefore, in her opinion, there was no reason for her to seek treatment with an orthopedist. This testimony is rejected as not being competent evidence on the matter, as plaintiff is not a physician.
18. Dr. Markworth initially opined, based upon plaintiff's history of the onset of her symptoms, that plaintiff's back condition was causally related to the December 16, 1999 motor vehicle accident. However, the competent evidence in the record fails to support the history given by plaintiff regarding the onset of her symptoms, and therefore, Dr. Markworth's opinion regarding plaintiff's back condition being causally connected to the December 16, 1999 accident is given little weight.
19. Dr. Markworth opined, and the Full Commission finds as fact, plaintiff's back symptoms should have begun within twenty-four hours of the accident and he would have expected her to have pain symptoms by January 27, 2000. The records from Dr. Taylor specifically establish plaintiff denied any back pain during this time and Dr. Taylor did not note any of the symptoms.
20. Dr. Markworth further opined plaintiff's pregnancy likely aggravated the pre-existing degenerative disc disease.
21. Plaintiff filed an I.C. Form 18, Notice of Accident to Employer and Claim of Employee, on March 23, 2001, on which she noted injuries to the lumbar spine due to a motor vehicle collision which occurred on return trip from a seminar in Charleston, South Carolina.
22. On October 18, 2001, Dr. Taylor prepared a letter, which erroneously indicated plaintiff was seen on December 16, 1999 following an automobile accident. However, even this document makes no reference to plaintiff complaining of back pain to Dr. Taylor.
23. On January 14, 2003, plaintiff filed an I.C. Form 33, Request for Hearing, on which she noted the employer had accepted liability but refused to pay for medical benefits or temporary total disability. Defendants filed the I.C. Form 33R Response to Request for Hearing on January 24, 2003, in which they indicated employer and insurer have been unable to obtain medical records to verify plaintiff's medical treatment and disability.
24. The competent evidence in the record fails to establish that plaintiff's back symptoms are causally related to the December 16, 1999 motor vehicle accident.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. The plaintiff did not sustain an injury by accident arising out of and in the course and scope of her employment with defendant/employer on December 16, 1999. N.C. Gen. Stat. § 97-2(6).
2. In order to qualify for compensation under the Workers' Compensation Act, a claimant must prove both the existence and extent of disability.Hilliard v. Apex Cabinet Company, 305 NC 593, 290 S.E.2d 682 (1982). Plaintiff has failed to prove by competent evidence she is entitled to disability benefits as a result of the accident of December 16, 1999.
3. The plaintiff failed to carry the burden of proof to establish that she sustained an injury by accident arising out of and in the course of her employment with defendant on December 16, 1999. Since plaintiff failed to carry her burden of proof in this claim, she is not entitled to benefits under the Workers' Compensation Act
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own the costs.
This the ___ day of July, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER